## Case No. 2,103.

### BUELL v. CONNECTICUT MUT. LIFE INS. CO.

[1 Cin. Law Bul. (1875) 51.]

Circuit Court, N. D. Ohio.

PRACTICE AT LAW — PRODUCTION OF LETTER ON TRIAL—PROOF OF EXISTENCE — PERTINENCY TO ISSUE—POSSESSION — AFFIDAVIT OF ATTORNEY—SUFFICIENCY.

## Case No. 2,104.

### BUELL v. CONNECTICUT MUT. LIFE INS. CO.

[2 Flip. 9;[1] 5 Ins. Law J. 274; 2 N. Y. Wkly. Dig. 161; 4 Am. Law Rec. 570; 1 Cin. Law Bul. 43; 8 Chi. Leg. News, 202; 5 Bigelow, Ins. Cas. 473.]

Circuit Court, N. D. Ohio. April Term, 1877.

LIFE INSURANCE — WARRANTIES AND MISREPRESENTATIONS ON AN APPLICATION FOR LIFE INSURANCE.

1. Statements in an application for insurance or answers to questions are either warranties or representations. If warranties then materiality, or want of materiality as to the risk has nothing to do with the contract. The only question is were they untrue, and, if so, the policy is void. But if representations, then to avoid the policy they must be substantially and materially untrue, or made for the purpose of fraud.

2. The true rule as to what amounts to a warranty or what amounts to a representation, is: whenever the answers are responsive to direct questions asked by the insurance company, they are to be regarded as warranties, and where they are not so responsive, but volunteered without being called for, they should be construed to be mere representations.

[In equity. Suit by Anna M. Buell against the Connecticut Mutual Life Insurance Company.] Heard on demurrer to second defense. [Demurrer sustained.]

R. P. & H. C. Ranney, for demurrer.
Bishop & Adams, contra.

WELKER, District Judge. This suit is founded upon a policy of insurance upon the life of Jeptha C. Buell, for the benefit of his wife, the plaintiff. The defendant, as a second defense to the action, sets up in its answer that in the declaration made at the time of the application for insurance, among other things, the plaintiff says: "And I do hereby agree that the answers given to the following questions and the accompanying statements, and this declaration shall be the basis and form part of the contract or policy between me and said company; and if the same be not in all respects true and correctly stated, the said policy shall be void." That among the questions in said declaration above referred to, was the following question: "Has father, mother, brother, or sister of the party died, or been afflicted with consumption, or any disease of the lungs, or insanity? If so, state full particulars of each case." That the answer to the above question given by the plaintiff was as follows: "No. Father died from exposure in water; age 58. Mother living; age about 50." That the policy issued upon said declaration and questions and answers, and sued upon, contains the following conditions, to-wit: "And it is also understood and agreed to be the true intent and meaning hereof, that if the proposals, answers and declaration made

---

[1] [Reported by William Searcy Flippin, Esq., and here reprinted by permission.]

by the said Anna M. Buell, and bearing date the 19th day of March, 1866, and which are hereby made part and parcel of this policy as fully as if herein recited, and upon the faith of which this agreement is made, shall be found in any respect untrue, then, in such case, this policy shall be null and void." The defendant avers that the said answer above stated was not in all respects true and correctly stated, but was incorrect and untrue in this, the father of said Jeptha C. did not die at the age of 58, but he died before he was of the age of 30 years. Wherefore the defendant says said policy was and is void and of no effect, and said plaintiff is not entitled to recover any amount against the defendant.

To this answer the plaintiff files her demurrer, alleging as reason therefor, that all of said statements and allegations are redundant and irrelevant, and constitute no defense to the plaintiff's action. The demurrer admits that the answer to the question as stated in respect to the age of the father at the time of his death was untrue and incorrect. That being the fact, does it constitute a defense to this action? Statements in the application for insurance in the declaration, or answers to the questions are either warranties or representations. If warranties then materiality, or want of materiality as to the risk has nothing to do with the contract. The only question is were they untrue, and if so the policy is void. But if representations, then to avoid the policy they must be substantially and materially untrue, or made for the purpose of fraud. In 2 Ohio St. 464, the supreme court of Ohio say: "The distinction between a warranty and a representation is easily comprehended; the difficulty only arises in its application to particular cases." "An express warranty is a stipulation in writing on the face of the policy, on the literal truth or fulfillment of which the validity of the entire contract depends." "It may be contained in another paper, if distinctly referred to in it and expressly made a part of the contract between the parties." A representation is defined to be, "a verbal or written statement made by the assured to the underwriter, before the subscription of the policy, as to the existence of some fact or state of fact tending to induce the underwriter more readily to assume the risk by diminishing the estimate he would otherwise have formed of it." In the case of Campbell v. Northeast Ins. Co., 98 Mass. 381, in defining what is a warranty and what is merely a representation, the court say[s]: "When statements or engagements on the part of the insured are inserted, or referred to in the policy itself, it often becomes difficult to determine to which class they belong. If they appear on the face of the policy they do not necessarily become warranties. Their character will depend upon the form of the expression used, the apparent purpose of the insertion, and sometimes upon the connection or relation to the other parts of the instrument." Upon this subject our supreme court, in 2 Ohio St., say: "But it is by no means * * * clear that what is in its nature preliminary and designed for the information of the underwriter, will so change its character as not to be satisfied by a substantial compliance; from the fact that it is, by appropriate words in the policy, made a part of it."

But I am referred to the case of Jeffries v. Economical Life Ins. Co., 22 Wall. [89 U. S.] 47, recently decided by the supreme court of the United States as decisive of the question made upon this demurrer. In that case there were two questions asked the insured: 1. Whether he was married or single? The answer to which was that he was single. 2. Had any application been made to any other company, and if so, when? The answer to which was "No." The answers to both questions were alleged to be untrue. The court held that the answers to these questions constituted a part of the contract, and if untrue, whether they were material to the risk or not, would avoid the policy. The court did not seem to put this upon the ground alone that the answers constituted warranties, but that they formed a part of the contract and were expressly made so by the parties, and the court would not inquire as to the materiality, because the parties had themselves deemed them material. How did they become material? It will be observed that both of these answers were direct responses to the questions, and that by the direct form of the questions the answers necessarily became a part of the contract. How is it in that respect in the case before us? The falsity complained of in the answer consists only in reference to the age at which the father died. This certainly was not inquired of in the question, unless we are to find it in that part of it which reads: "If so, state full particulars of each case." This part of the question was evidently intended to reach simply the particulars of the death, or affliction of the near relatives, to ascertain the character and nature of the disease—its extent, whether produced from recent causes or hereditary in the family, in order to determine whether Buell was a proper subject to insure. It is exceedingly doubtful whether the question is really definite enough to require the answer to state whether the father was dead at all, if he did not die of consumption, or disease of the lungs, or insanity. I think the question fairly means, not whether the father, etc., had died of any disease, or from any cause, but whether he had died of, or been afflicted with, consumption or any disease of the lungs, or insanity. This being the fair import of the question, "No" was a complete answer to it, and the remainder of the answer was uncalled for and not responsive to the question. But suppose that be so, defendant claims that it is nevertheless

an answer of some sort and therefore an important part of the contract. The reply to that is, that the declaration which relates to the answers to questions to be made by plaintiff, and which it was agreed should be made part of the contract, must be construed to, and does mean, such answers as are responsive to the questions and such as may be called for by the defendant; and that it does not cover such answers as may be volunteered and irrelevant, and that amount to mere representations.

In the light of the cases in 98 Mass., and 2 Ohio St., I may be allowed to say that not all the statements in the application or writing are to be regarded as warranties, but some may be regarded as mere representations. I do not think the case of Jeffries v. Economical Life Ins. Co. is at all at variance with this construction. In that case the questions directly called for the answers, and the asking and the answers constituted the mutual agreement of the parties. In this case the age of the father was not called for, and is only voluntarily given by the plaintiff, and the mutual agreement cannot arise as it did in that case, so as to say the parties themselves settled the question of materiality. I believe the true rule in relation to the question of what amounts to a warranty, or what amount only to representation, in the answers to questions in this class of applications, is: Where the answers are responsive to direct questions asked by the insurance company, they are to be regarded as warranties, and where they are not so responsive, but volunteered without being called for, they should be construed to be mere representations. The part of the answer in question in this case in reference to the age of the father at death, being a mere representation, does not constitute a defense unless it appears to have been material as well as false. The demurrer is therefore sustained.

[NOTE. For denial of motion to compel plaintiff to produce upon the trial a letter written by the assured, see Case No. 2,103.]